UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:12-CV-1559 (CEJ) |
| | ) |
| ELEVEN MILLION SEVENTY-ONE | ) |
| THOUSAND ONE HUNDRED AND | ) |
| EIGHTY-EIGHT DOLLAR AND SIXTY- | ) |
| FOUR CENTS ($11,071,188.64) IN | ) |
| U.S. CURRENCY, MORE OR LESS, | ) |
| SEIZED FROM LAOSTRICHES & | ) |
| SONS, INC., | ) |
| | ) |
| Defendant-in-rem. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of the United States for an order directing claimants to show cause why their verified claims and answers should not be stricken. The claimants have filed a response in opposition, and the issues are fully briefed. Also before the Court is claimants' motion requesting leave to file a sur-reply to the instant motion.

### I. Background

On August 29, 2012, the government filed a verified complaint for forfeiture *in rem* against $11,071,188.64 in U.S. Currency. On March 19, 2013, Laura Avila Barraza, Humberto Ojeda Avila, Paulina Ojeda Avila, Valentino Ojeda Avila, and LaOstriches and Sons, Inc. (LaOstriches) filed notices claiming interests in the defendant currency [Doc. #31-35], followed by answers to the forfeiture complaint. [Doc. #36, 37].

On July 12, 2013, the government noticed the depositions of Laura Avila Barraza, Humberto Ojeda Avila, Paulina Ojeda Avila, and Valentino Ojeda Avila, as well

as two corporate officers of defendant LaOstriches, Griselda Avila Barraza and Jose Sergio Avila Amezquita. The depositions were scheduled for the week of August 12, 2013, but at claimants' request, were rescheduled to begin on September 16, 2013.

On September 5, 2013, claimants filed a motion for protective order, requesting that the Court cancel the depositions. On September 12, 2013, the Court denied claimants' motion. The following day, claimants filed motions for emergency protective orders, requesting that the Court prevent the government from taking the depositions of all individuals, except Laura Avila Barraza. In response, the government filed a motion to compel appearances. On September 16, 2013, the Court denied claimants' motions and granted the government's motion to compel. However, none of the claimants or officers appeared for the scheduled depositions.

In the instant motion, the government requests that the Court strike the claimants' claims and answers to the forfeiture complaint as a sanction for their failure to comply with the Court's orders and for failing to attend the scheduled depositions.

II.    Discussion

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that a court may issue sanctions for failure to obey an order to provide discovery. Included within these sanctions is the ability of a court "to strike Claimants' pleadings and render default judgment against them for failure to comply with their discovery obligations and appear for their depositions." U.S. v. $61,000.00 in U.S. Currency, 2013 WL 1867536, *1 (C.D. Cal. May 3, 2013) (citing Fed.R.Civ.P. 37(b)(2)(A)(iii), (vi); 37(d)(1)(A)); see also Hale v. Burton, 4:09-CV-1939 (E.D. Mo. May 3, 2011) (dismissed without prejudice for plaintiff's failure to appear for deposition). "The extensive sanctions

2

available to courts under Rule 37 for failure to comply with discovery orders are necessary to compensate the court and parties, facilitate discovery and deter abuse of the discovery process." U.S. v. One 1999 Forty Seven Foot Fountain Motor Vessel, 240 F.RD. 695, 698 (S.D. Fla. Feb. 21, 2007) (Courts have broad discretion to issue sanctions). "By entering an appearance and contesting forfeiture in this action, Claimants were aware that they would be required to provide discovery to the government." $61,000.00 in U.S. Currency, 2013 WL 1867536, at *2.

In the instant case, this Court issued two orders denying claimants' requests to cancel the depositions and directing them to appear for their scheduled depositions. [Doc. #77, at 2; Doc. #88, at 2]. In complete disregard of these orders, all noticed individuals failed to appear for depositions. At this stage of litigation, the Court is well within its power to impose sanctions upon claimants for failure to comply with discovery orders. See id. at 699 ("When a court enters an order, that order should be followed—it should not be viewed as an advisory opinion that one chooses to follow or not at his or her whim or convenience."); Martin v. DaimlerChrysler Corp., 251 F.3d 691, 694 (8th Cir. 2001) ("When a litigant's conduct abuses the judicial process, dismissal of a lawsuit is a remedy within the inherent power of the court.").

However, despite its broad discretion to issue sanctions upon noncompliant parties, the Court is mindful that dismissal is an extreme sanction that should be used prudently. See also Hale, 4:09-CV-1939. After thoughtful consideration, the Court will permit the claimants one *final* opportunity to comply with the discovery orders and appear for depositions.  The Court will decline to consider claimants' motion to file a

3

sur-reply. The Court will not accept any further excuses or explanations for failure to attend depositions.

\*\*\*\*

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the United States for an order to show cause [Doc. #96] is **denied**.

**IT IS FURTHER ORDERED** that claimants, Valentino Ojeda Avila, Paulina Ojeda Avila, Humberto Ojeda Avila, and Laura Avila Barraza, and officers Griselda Avila Barraza and Jose Sergio Avila Amezquita,  shall, no later than **December 20, 2013**, appear for depositions in St. Louis, Missouri. **Claimants are warned that failure to appear for depositions will result in the dismissal of their individual claims along with any additional sanctions the Court deems appropriate**.

**IT IS FURTHER ORDERED** that claimants motion to file a sur-reply [Doc. #110] is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2013.

4