UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:12-CV-1559 (CEJ) |
| ) | |
| ELEVEN MILLION SEVENTY-ONE ) | |
| THOUSAND ONE HUNDRED AND ) | |
| EIGHTY-EIGHT DOLLAR AND SIXTY- ) | |
| FOUR CENTS ($11,071,188.64) IN ) | |
| U.S. CURRENCY, MORE OR LESS, ) | |
| SEIZED FROM LAOSTRICHES & ) | |
| SONS, INC., ) | |
| ) | |
| Defendant-in-rem. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the government's motion to strike the claim filed by LaOstriches & Sons, Ltd. Claimant filed a response to the motion and the issues are fully briefed.

I. Background

On December 13, 2012, the government filed an amended verified complaint for forfeiture *in rem* against $11,071,188.64 in United States currency. On March 19, 2013, LaOstriches filed a notice of claim to the government's complaint. The government filed a motion to strike LaOstriches' claim pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The government argues that the claim fails to comply with the statutory and pleading requirements of Supplemental Rule G(5) and that such a failure strips LaOstriches of standing to assert its claim.

## II. Discussion

"The court must first address the threshold issue of standing raised by the Government. If a court decides that a movant does not have standing, then the court cannot proceed[.]" United States v. $153,920.00 in U.S. Currency, 2009 WL 2176052, *3 (C.D. Ill. 2009). "A forfeiture claimant must satisfy both constitutional and statutory standing requirements to file a verified claim properly." U.S. v. ADT Sec. Services, Inc., 2013 WL 2631435, *8 (11th Cir. 2013); 18 U.S.C. § 983(a)(4)(A).

To establish constitutional standing, a plaintiff must show an injury, a causal connection between the injury and the conduct complained of, and a likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "At the pleading stage, a claimant satisfies this burden by alleging a sufficient interest in the seized property, such as an ownership interest, *some type of lawful possessory interest*, or a security interest." United States v. $148,840.00 in U.S. Currency, 521 F.3d 1268, 1273 (10th Cir. 2008) (emphasis added); ADT Sec. Services, Inc., 2013 WL 2631435, at *8 ("Ownership is not required for Article III standing; a possessory interest will suffice."). "This is not a heavy burden at the initial or pretrial stage of a civil forfeiture action" since it can be demonstrated by "showing actual possession, control, title, or financial stake." U.S. v. $304,980 in U.S. Currency, 2013 WL 54005, *8 (S.D. Ill. Jan 3, 2013).

To establish statutory standing under Rule G(5) of the Supplemental Rules, a "person who asserts an interest in the defendant property" must "state the claimant's interest in the property." Supp. R. Fed. R. Civ. P. G(5)(a)(i)(B). "At the pleading stage, a claimant satisfies this burden by alleging a sufficient interest in the seized

2

property[.]" $148,840.00 in U.S. Currency, 521 F.3d at 1273. When a claimant asserts a possessory interest in the defendant property, the claimant must explain how the currency came into his or her possession. U.S. v. $29,540.00 in U.S. Currency, 2013 WL 783052, *5 (D. Mass 2013); see also United States v. United States Currency, $81,000, 189 F.3d 28, 35 (1st Cir. 1999) ("[C]ourts have held that an allegation of ownership and some evidence of ownership are together sufficient to establish standing to contest a civil forfeiture."). The Supplemental Rules minimize the danger of false claims. United States v. $39,557.00, More or Less, in U.S. Currency, 683 F. Supp.2d 335, 339 (D.N.J. 2010). "For these reasons, the requirement is no procedural technicality." United States v. $487,825.00, 484 F.3d 662, 664-65 (3d Cir. 2007).

In its Notice of Claim, LaOstriches asserts a possessory interest in the defendant currency. The Notice states that the "majority of the funds and instruments originated from the sale of a family business Santa Rita Fishery" and that the original account was opened "after being vetted by both the international company which advised the owners . . . and the local government." LaOstriches states that it "received a clean report as to themselves and their enterprise" and believed that the individuals who sent the funds to the account were also vetted. LaOstriches explains that the "original funds took significant losses as a result of questionable advice and was then transferred to the new advisors which eventually the funds were seized from." LaOstriches further asserts that additional funds were placed in the account and that those funds were the proceeds of family businesses, including "one million dollars which the family received from rentals of their farmland." LaOstriches states that these accounts were set up in the United States "because of the tenuous situation in their

3

own country." The accounts were "to serve as an emergency fund should the family be forced to flee their homeland."

At issue here is whether the Notice of Claim sufficiently identified LaOstriches' interest in the defendant currency. The government argues that LaOstriches failed to properly identify its interest by not including facts that relate to "the source of the funds, why and how it obtained and retained control over the defendant funds, independently from claimant Mrs. Laura Avila-Barraza [the President of LaOstriches], its relationship with Timber Development Ltd., Jorge Cifuentes-Villa, and Santa Rita Fishery, the type of business it was involved in and a description of the transaction(s) generating the funds." [Doc. 46, at 10].

Although the Notice of Claim does not provide all of the information that the government argues is necessary for standing, the Court finds that the assertion of a possessory interest by LaOstriches in the defendant currency, "together with its answer to the [g]overnment's complaint and the [g]overnment's allegations of the nature of [claimant's] involvement with part of the seized currency, are sufficient to establish its standing." U.S. v. $515,060.42 in U.S. Currency, 152 F.3d 491, 499 (6th Cir. 1998).

The government's amended complaint states when LaOstriches was incorporated, names Laura Avila-Barraza as one of the three incorporators, and provides specific dates of wire transfers involving accounts held in the La Ostriches name. La Ostriches' answer to the amended complaint admits to the allegations regarding its incorporation and to the transfer of assets, but denies that these assets were the result of drug proceeds. Because the government's complaint acknowledges the claimant's relationship to the defendant currency, LaOstriches did not have to show

4

additional evidence of ownership in its Notice of Claim. U.S. v. $38,570 in U.S. Currency, 950 F.2d 1108, 1113 (5th Cir. 1992).

Furthermore, the Notice of Claim alleges more than a mere possessory interest. LaOstriches provides a factual account of how the currency came into its possession in order to support its alleged interest. La Ostriches explains that the sale of Santa Rita Fishery was the source of the original funds, that the proceeds from other family businesses were the source of the subsequently deposited funds, that the LaOstriches accounts were set up for the lawful purpose of preparing an emergency fund for the Avila-Barraza family, and that the family innocently trusted their advisors. See United States v. $421,090.00 in U.S. Currency, 2011 WL 3235632, *4 (E.D.N.Y. July 27, 2011) (While a conclusory statement of interest does not establish standing, a claimant is not required to explain his interest in detail). Whether LaOstriches is being truthful and whether these funds represent the proceeds of illicit activities are questions on the merits and are irrelevant in determining the threshold issue of standing raised by the government. See $304,980 in U.S. Currency, 2013 WL 54005, at *14 ("What the evidence at trial establishes as to the true source and proper disposition of the property is another issue entirely.").

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the United States to strike the claim of La Ostriches & Sons, Ltd. [Doc. #46] is **denied**.

                                              _____
                                              CAROL E. JACKSON
                                              UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2014.