UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:12-CV-1559 (CEJ) ) |
| ELEVEN MILLION SEVENTY-ONE THOUSAND ONE HUNDRED AND EIGHTY-EIGHT DOLLAR AND SIXTY-FOUR CENTS ($11,071,188.64) IN U.S. CURRENCY, MORE OR LESS, SEIZED FROM LAOSTRICHES & SONS, INC., | ) ) ) ) ) ) ) ) |
| Defendant-in-rem. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the government's motion to strike the claims and answers filed by LaOstriches & Sons, Ltd., Paulina Ojeda-Avila, Humberto Ojeda-Avila, and Valentino Ojeda-Avila, for failure to participate in discovery. Paulina Ojeda-Avila, Humberto Ojeda-Avila, and Valentino Ojeda-Avila have conceded this motion. LaOstriches has filed a response in opposition and the issues are fully briefed.

I.    Background

On August 29, 2012, the government filed a verified complaint for forfeiture *in rem* against $11,071.188.64 in U.S. Currency. On March 19, 2013, Laura Avila Barraza, Paulina Ojeda-Avila, Humberto Ojeda-Avila, and Valentino Ojeda-Avila, and LaOstriches filed notices claiming interests in the defendant currency [Doc. ##31-35], followed by answers to the forfeiture complaint. [Doc. ##36, 37].

On July 12, 2013, the government noticed the depositions of Laura Avila Barraza, Paulina Ojeda-Avila, Humberto Ojeda-Avila, and Valentino Ojeda-Avila, as

well as two corporate officers of LaOstriches, Griselda Avila Barraza and Jose Sergio Avila Amezquita. The depositions were scheduled for the week of August 12, 2013, but at claimants' request, were rescheduled to begin on September 16, 2013.

On September 5, 2013, claimants filed a motion for a protective order, requesting that the Court cancel the depositions. [Doc. #71]. On September 12, 2013, the Court denied claimants' motion. [Doc. #77]. The following day, claimants filed motions for emergency protective orders, requesting that the Court prevent the government from taking the depositions of all individuals, except Laura Avila Barraza. [Doc. ## 78-79, 82-84]. In response, the government filed a motion to compel appearances. [Doc. #85]. On September 16, 2013, the Court denied claimants' motions and granted the government's motion to compel. [Doc. #88]. However, none of the claimants or officers appeared for the scheduled depositions.

On October 15, 2013, the government filed a motion requesting the Court to issue an order directing claimants to show cause why their claims and answers should not be stricken for failure to obey the discovery orders and appear for their scheduled depositions. [Doc. #96]. On November 21, 2013, the Court denied the government's motion, stating that "despite its broad discretion to issue sanctions upon noncompliant parties, the Court is mindful that dismissal is an extreme sanction that should be used prudently." The Court then permitted "the claimants one *final* opportunity to comply with the discovery orders and appear for depositions," making clear that it would "not accept any further excuses or explanations for failure to attend depositions." [Doc. #116].

The parties agreed to reschedule the depositions for December 13, 2013 through December 18, 2013. Laura Avila Barraza was the only individual who appeared. In the instant motion, the government renews its request for the dismissal of the claims and answers filed by LaOstriches, Paulina Ojeda-Avila, Humberto Ojeda-Avila, and Valentino Ojeda-Avila. LaOstriches is the only claimant that does not concede the government's motion.

II. Discussion

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that a court may issue sanctions for failure to obey an order to provide discovery. Included within these sanctions is the ability of a court "to strike Claimants' pleadings and render default judgment against them for failure to comply with their discovery obligations and appear for their depositions." U.S. v. $61,000.00 in U.S. Currency, 2013 WL 1867536, *1 (C.D. Cal. May 3, 2013) (citing Fed.R.Civ.P. 37(b)(2)(A)(iii), (vi); 37(d)(1)(A)); see also Hale v. Burton, 4:09-CV-1939 (E.D. Mo. May 3, 2011) (dismissed without prejudice for plaintiff's failure to appear for deposition). "The extensive sanctions available to courts under Rule 37 for failure to comply with discovery orders are necessary to compensate the court and parties, facilitate discovery and deter abuse of the discovery process." U.S. v. One 1999 Forty Seven Foot Fountain Motor Vessel, 240 F.R.D. 695, 698 (S.D. Fla. Feb. 21, 2007) (Courts have broad discretion to issue sanctions). "By entering an appearance and contesting forfeiture in this action, Claimants were aware that they would be required to provide discovery to the government." $61,000.00 in U.S. Currency, 2013 WL 1867536, at *2.

The government argues that LaOstriches' claim should be stricken for failure to comply with the Court's discovery orders in refusing to produce corporate officers, Griselda Avila Barraza and Jose Sergio Avila Amezquita, for depositions. Griselda Avila Barraza is listed as the Secretary in the corporate documents of LaOstriches and Jose Sergio Avila Amezquita is listed as the Treasurer. The government asserts that it has been prejudiced by its inability to question these individuals about LaOstriches' acquisition of the defendant currency.

In response, LaOstriches argues that its claim should not be stricken because it has and continues to participate in discovery. While acknowledging that the two corporate officers did not appear for their scheduled depositions, LaOstriches explains that they responded to the government's first set of interrogatories stating that they do not possess personal knowledge of any of the affairs of LaOstriches, did not participate in its management or operation, and were only listed as officers in order to "protect and safeguard the interest of the children, should anything happen to Laura Avila." [Doc. #130, at pp. 5-6]. Additionally, LaOstriches points to the fact that Laura Avila Barraza, the president, sole shareholder, and "only individual exercising management responsibility for LaOstriches," has answered the government's interrogatories and appeared for her deposition. Finally, LaOstriches argues that it has produced "volumes of documents" and that due to new legal representation "it is anticipated that all discovery requests directed to Barraza and/or LaOstriches will be provided prior to the discovery deadline." [Doc. #130, at pp. 4].

There is no merit to any of the arguments LaOstriches makes. LaOstriches wilfully ignored the orders issued by this Court on September 12, 2013, September 16,

4

2013, and November 21, 2013 directing Griselda Avila Barraza and Jose Sergio Avila Amezquita to appear for their scheduled depositions. [Doc. ## 77, 78, 116]. In the September 16, 2013 order, the Court addressed and rejected the claim of lack of personal knowledge as an excuse for not producing the corporate officers, yet LaOstriches, undeterred, raises it again here. Not only are the depositions of these corporate officers relevant to this case, "[a] claimed lack of knowledge, by itself is insufficient to preclude a deposition." Powertech Technology, Inc. v. Tessera, Inc., 2013 WL 3884254, *1 (N.D. Cal. July 26, 2013). The failure of Griselda Avila Barraza and Jose Sergio Avila Amezquita to appear for their depositions represents the refusal of LaOstriches to participate in discovery. See Roots Contracting and Trading Co. v. Creighton Ltd., 170 F.R.D. 155, 160 (M.D. Tenn. Aug. 9, 1996) ("By its very nature, a corporation can only act through its agents. The act of an authorized administrative officer of a corporation on behalf of the corporation is an act of the corporation.") (citations omitted).

Furthermore, the Court made it unquestionably clear in its November 21st order that Griselda Avila Barraza and Jose Sergio Avila Amezquita had "one *final* opportunity to comply with the discovery orders and appear for depositions." [Doc. #116, at 1]. The Court emphasized: "**Claimants are warned that failure to appear for depositions will result in the dismissal of their individual claims along with any additional sanctions the Court deems appropriate.**" [Doc. 116, at 2].

Whether LaOstriches has previously submitted "volumes of documents" to the government, obtained new counsel, or "anticipates" to produce all documents prior to the extended discovery cut-off date is not an adequate excuse for disobeying the

5

orders of this Court.  Additionally, the fact that the government had the opportunity to depose Laura Avila Barraza is of no consequence.  Despite LaOstriches' assertion that she is the only officer capable of answering questions on behalf of LaOstriches, her responses to the government's questions seem to reflect the contrary as she consistently stated that she did not know, could not remember, did not ask questions, never made decisions, and often signed documents without reading them or understanding what they represented.  See Laura Avila Barraza Dec, 18, 2013 Dep., Doc. #132-1. Consequently, this provides further support for the government's need to depose other named officers of LaOstriches.

Because the claimants have wilfully disobeyed court orders and have obstructed discovery in this case, the Court believes that the extreme sanction of striking their claims and answers is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the government's motion to strike the claims and answers filed by LaOstriches & Sons, Ltd., Paulina Ojeda-Avila, Humberto Ojeda-Avila, and Valentino Ojeda-Avila [Doc. #129] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2014.