UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:12-CV-1559 (CEJ) |
| ) | |
| ELEVEN MILLION SEVENTY-ONE ) | |
| THOUSAND ONE HUNDRED AND ) | |
| EIGHTY-EIGHT DOLLAR AND SIXTY- ) | |
| FOUR CENTS ($11,071,188.64) IN ) | |
| U.S. CURRENCY, MORE OR LESS, ) | |
| SEIZED FROM LAOSTRICHES & ) | |
| SONS, INC., ) | |
| ) | |
| Defendant-in-rem. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion filed by LaOstriches & Sons, Ltd. for reconsideration of the order striking its claim to the defendant currency. The United States has filed a response in opposition and the issues are fully briefed.

I.      Background

On August 29, 2012, the United States filed a verified complaint for forfeiture *in rem* against $11,071.188.64 in U.S. Currency. On March 19, 2013, Laura Avila Barraza, Paulina Ojeda-Avila, Humberto Ojeda-Avila, Valentino Ojeda-Avila, and LaOstriches filed notices claiming interests in the defendant currency [Doc. ##31-35], followed by answers to the forfeiture complaint. [Doc. ##36, 37].

On July 12, 2013, the government sought to take the depositions of the individual claimants and two corporate officers of LaOstriches, Griselda Avila Barraza and Jose Sergio Avila Amezquita. The depositions were scheduled for the week of August 12, 2013, but at claimants' request, they were rescheduled to begin on

September 16, 2013.

On September 5, 2013, claimants filed a motion for a protective order, requesting that the depositions be cancelled. [Doc. #71]. On September 12, 2013, the motion was denied. [Doc. #77]. The following day, claimants filed motions for emergency protective orders, requesting that the Court prevent the government from taking the depositions of all individuals, except Laura Avila Barraza. [Doc. ## 78-79, 82-84]. These motions were also denied. [Doc. #88]. None of the individual claimants or the corporate officers appeared for the scheduled depositions.

On October 15, 2013, the government filed a motion for an order directing claimants to show cause why their claims and answers should not be stricken for failure to obey the discovery orders and appear for their scheduled depositions. [Doc. #96]. The Court denied the government's motion, stating that "despite its broad discretion to issue sanctions upon noncompliant parties, the Court is mindful that dismissal is an extreme sanction that should be used prudently." The Court permitted "the claimants one *final* opportunity to comply with the discovery orders and appear for depositions," making clear that it would "not accept any further excuses or explanations for failure to attend depositions." [Doc. #116].

The parties agreed to reschedule the depositions for December 13, 2013 through December 18, 2013. Laura Avila Barraza was the only individual who appeared. On January 17, 2014, the government filed a second motion requesting the Court to strike the claims and answers of LaOstriches, Paulina Ojeda-Avila, Humberto Ojeda-Avila, and Valentino Ojeda-Avila, for failure to participate in discovery. [Doc. #129]. On February 13, 2014, the Court granted the government's motion. [Doc. #133]. On

February 21, 2014, LaOstriches filed the instant motion for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), requesting that it be reinstated as a claimant.

## II. Legal Standard

Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996) (citing White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445 (1982)). A Rule 59(e) motion serves the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation and citations omitted). The motion cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. Id.

## III. Discussion

LaOstriches asks that the order dismissing its claim be reconsidered and reversed. In support, LaOstriches argues that the Court failed to consider the following facts: (1) Griselda Avila Barraza and Jose Sergio Avila Amezquita did not play an active role in LaOstriches and do not possess personal knowledge regarding its operations; and (2) the government's inability to depose of Griselda Avila Barraza and Jose Sergio Avila Amezquita is not prejudicial because LaOstriches provided "voluminous documents" and produced Laura Avila Barraza, the president of LaOstriches, for deposition.

These arguments concern the same factual theories already addressed by this

Court on two prior occasions. First, on September 16, 2013, the Court explicitly stated that Griselda Avila Barraza, the secretary of LaOstriches, and Jose Sergio Avila Amezquita, the treasurer of LaOstriches, were "*undoubtedly relevant to this case*" and that "a protective order prohibiting the Government from taking their depositions would be inappropriate." [Doc. #88, at 2]. The Court addressed and rejected the claim of lack of personal knowledge as an excuse for not producing the corporate officers. Subsequently, on February 13, 2014, the Court repeated that "a claimed lack of knowledge is insufficient to preclude a deposition" and that the "failure of Griselda Avila Barraza and Jose Sergio Avila Amezquita to appear for their depositions *represents the refusal of LaOstriches* to participate in discovery." [Doc. #133, at 5].

The deposition of Laura Avila Barraza along with LaOstriches' production of documents does not relieve the two corporate officers of their duty to appear for their depositions. While the government and the claimants disagree as to whether Laura Avila Barraza provided sufficient testimony regarding the operations of LaOstriches, such a determination is irrelevant. Griselda Avila Barraza and Jose Sergio Avila Amezquita were noticed for depositions and the Court warned that a failure to appear would result in either the dismissal of individual claims or *any other sanction* that the Court deemed appropriate. [Doc. #116, at 2]. Because Griselda Avila Barraza and Jose Sergio Avila Amezquita are named officers of LaOstriches, their flagrant disregard of discovery orders is sufficient to dismiss LaOstriches as a claimant in this action.

LaOstriches additionally argues that its former counsel failed to inform Griselda Avila Barraza and Jose Sergio Avila Amezquita of the scheduled depositions and, thus, LaOstriches did not wilfully disobey the Court's orders. This argument fails for two

4

reasons. First, clients are ultimately responsible for the conduct of their counsel and "dismissal or default may be entered against a party as a result of counsel's actions." McAfee v. Allstate Property & Casualty Ins. Co., 4:12-CV-1667-CAS (E.D. Mo. Aug. 7, 2013) (quoting Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992)). Second, LaOstriches' current attorney admits in the instant motion that Griselda Avila Barraza and Jose Sergio Avila Amezquita did not have any intention of appearing for their depositions, regardless of notice, and further admits that they did, at minimum, have notice of the December deposition dates. See Doc. #135, at 3 ("Mr. Sarasua knew prior to scheduling and prior to making many representations to the contrary, that neither the corporate secretary nor treasurer would appear for depositions."); Id. at 4 ("They were completely unaware that the depositions scheduled (*prior to the final ones set in December*) were ever noticed and agreed to by their counsel at the time.") (emphasis added).

Lastly, LaOstriches' argues that the Court should impose a less severe sanction than dismissal. The Court disagrees. Beginning on September 5, 2013, when LaOstriches filed its motion for protective order to cancel the scheduled depositions, LaOstriches has been diligently working to prevent the depositions of Griselda Avila Barraza and Jose Sergio Avila Amezquita. On November 21, 2013, the government first requested the Court to strike LaOstriches' claim. Despite its broad discretion to issue sanctions at that time, the Court provided LaOstriches one final opportunity to comply with their discovery obligations. LaOstriches failed to comply. The continued failure of LaOstriches to produce their corporate officers that were properly noticed for deposition by the government is sufficient to show that any other sanction would be

5

ineffective. The history of this litigation strongly suggests that LaOstriches will continue to submit to the Court the same factual arguments it has been presenting for over six months, which the Court continues to reject, in order to avoid its discovery obligations.

Accordingly, LaOstriches "has failed to set forth any intervening change in case law or new evidence that would allow for a modification of the Court's prior Order. Further, [claimant] has failed to convince the Court that it has made a clear error of law in its prior Order. As such, the instant motion for reconsideration must be denied." <u>Young v. United States</u>, 4:12-CV-1983-CAS (E.D. Mo. July 18, 2013).

* * *

For the above stated reasons,

**IT IS HEREBY ORDERED** that the motion filed by LaOstriches & Sons, Ltd. for reconsideration of the Court's order striking its claim to the defendant currency [Doc. #135] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2014.